**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

DEONSEY LONTE JOHNSON,

       Plaintiff,

vs.

                        CASE NO. 4:18-cv-282-MW/CAS

OFFICER J. HILL
and L.P.N. J. BRUBAKER

       Defendants.

_____/

**DEFENDANT L.P.N. J. BRUBAKER'S ANSWER**
**AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant L.P.N. J. Brubaker ("Defendant") answers Plaintiff Deonsey

Lonte Johnson's Amended Complaint [D.E. 11], titled "Amended Civil Rights

Complaint Form to be used by prisoners in actions under 42 U.S.C. § 1983"

("Amended Complaint"), as follows:

**SECTION I - PLAINTIFF**

1.    As to the allegations in Section I of the Amended Complaint,

Defendant admits that Plaintiff's name is Deonsey Lonte Johnson.  Defendant is

1

without knowledge as to the other allegations in Section I and therefore denies same.

## SECTION II – DEFENDANTS

2.       As to the allegations in Section II of the Amended Complaint, Defendant admits  that at the time of the incident she was an L.P.N. employed by Centurion of Florida.  Defendant is without sufficient knowledge to admit or deny the allegations regarding Defendant Officer J. Hill and therefore denies same. Defendant denies all other allegations.

## SECTION III – EXHAUSTION OF ADMINISTRATIVE REMEDIES

3.       There are no allegations of fact in Section III of the Amended Complaint. To the extent that a response is required, Defendant denies that Plaintiff has exhausted all administrative remedies prior to filing this lawsuit.

## SECTION IV – PREVIOUS LAWSUITS

4.       Defendant is without sufficient knowledge to admit or deny the allegations in Section IV of the Amended Complaint and therefore denies same.

## SECTION V – STATEMENT OF FACTS

5.       Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 1 of Section V, and therefore denies same.

6.       Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 2 of Section V, and therefore denies same.

7.    Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 3 of Section V, and therefore denies same.

8.    Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 4 of Section V, and therefore denies same.

9.    Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 5 of Section V, and therefore denies same.

10.    Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 6 of Section V, and therefore denies same.

11.    Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 7 of Section V, and therefore denies same.

12.    Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 8 of Section V, and therefore denies same.

13.    Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 9 of Section V, and therefore denies same.

14.    Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 10 of Section V, and therefore denies same.

15.    Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 11 of Section V, and therefore denies same.

16.    Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 12 of Section V, and therefore denies same.

17.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 13 of Section V, and therefore denies same.

18.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 14 of Section V, and therefore denies same.

19.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 15 of Section V, and therefore denies same.

20.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 16 of Section V, and therefore denies same.

21.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 17 of Section V, and therefore denies same.

22.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 18 of Section V, and therefore denies same.

23.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 19 of Section V, and therefore denies same.

24.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 20 of Section V, and therefore denies same.

25.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 21 of Section V, and therefore denies same.

26.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 22 of Section V, and therefore denies same.

27.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 23 of Section V, and therefore denies same.

28.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 24 of Section V, and therefore denies same.

29.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 25 of Section V, and therefore denies same.

30.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 26 of Section V, and therefore denies same.

31.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 27 of Section V, and therefore denies same.

32.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 28 of Section V, and therefore denies same.

33.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 29 of Section V, and therefore denies same.

34.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 30 of Section V, and therefore denies same.

35.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 31 of Section V, and therefore denies same.

36.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 32 of Section V, and therefore denies same.

37.    Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 33 of Section V, and therefore denies same.

38.    Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 34 of Section V, and therefore denies same.

39.    Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 35 of Section V, and therefore denies same.

40.    Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 36 of Section V, and therefore denies same.

41.    Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 37 of Section V, and therefore denies same.

42.    Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 38 of Section V, and therefore denies same.

43.    Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 39 of Section V, and therefore denies same.

44.    Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 40 of Section V, and therefore denies same.

45.    Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 41 of Section V, and therefore denies same.

46.     As to the allegations in Paragraph 42 of Section V, Defendant admits that she helped to clean and bandage Plaintiff's wounds, but denies applying any sutures.

47.     Defendant denies the allegations in Paragraph 43 of Section V.

48.     Defendant denies the allegations in Paragraph 44 of Section V.

49.     Defendant denies the allegations in Paragraph 45 of Section V.

50.     Defendant denies the allegations in Paragraph 46 of Section V.

51.     Defendant denies the allegations in Paragraph 47 of Section V.

52.     Defendant denies the allegations in Paragraph 48 of Section V.

53.     Defendant denies the allegations in Paragraph 49 of Section V.

54.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 50 of Section V, and therefore denies same.

55.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 51 of Section V, and therefore denies same.

56.     Defendant denies the allegations in Paragraph 52 of Section V.

57.     Defendant denies the allegations in Paragraph 53 of Section V.

58.     Defendant denies the allegations in Paragraph 54 of Section V.

59.     Defendant denies the allegations in Paragraph 55 of Section V.

60.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 56 of Section V, and therefore denies same.

61.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 57 of Section V, and therefore denies same.

62.     There are no allegations of fact in Paragraph 58 of Section V that require a response.  To the extent that a response is required, Defendant denies the allegations in Paragraph 58.

63.     There are no allegations of fact in Paragraph 59 of Section V that require a response.  To the extent that a response is required, Defendant denies the allegations in Paragraph 59.

64.     There are no allegations of fact in Paragraph 60 of Section V that require a response.  To the extent that a response is required, Defendant admits that Plaintiff has named Officer J. Hill and Defendant as defendants in this lawsuit, but denies any liability or that Plaintiff has stated a valid claim for relief.

65.     There are no allegations of fact in Paragraph 61 of Section V that require a response.  To the extent that a response is required, Defendant admits that Plaintiff has requested a jury trial.

## SECTION VI – STATEMENT OF CLAIMS

66.     The allegations in Paragraph 1 of Section VI are not directed towards Defendant.  To the extent that a response is required, Defendant is without knowledge to admit or deny the allegations in Paragraph 1 and therefore denies same.

67.    Defendant denies the allegations in Paragraph 2 of Section VI.

## SECTION VII – RELIEF REQUESTED

68.    Section VII does not contain any allegations of fact.  To the extent a response is required, Defendant admits that Plaintiff is seeking to recover $2,000,000 per defendant in this lawsuit, but Defendant denies that Plaintiff is entitled to any damages. Otherwise denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted under controlling federal law because Plaintiff has suffered no "actual injury."  Plaintiff's claim for compensatory and punitive damages are barred under the Prison Litigation Reform Act if there is no physical injury pursuant to 42 U.S.C. §1997e(e).

### THIRD AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted under federal law because Plaintiff has failed to exhaust administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

Defendant did not violate a constitutional right of the Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Defendant is not liable in that she did not act with deliberate indifference towards the constitutional rights of this Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

At all times pertinent hereto, Defendant was acting under color of state law, within the scope of her employment as a licensed practical nurse at the Taylor Correctional Institute, in good faith without malice, and was not violating clearly established law of which a reasonable agent would be aware. Thus, Defendant, in her individual capacity, is entitled to qualified immunity.

### SEVENTH AFFIRMATIVE DEFENSE

The events described in the Amended Complaint, even if proven, reflect nothing more than the possibility of mere negligence and as such are not actionable under Title 42 U.S.C. § 1983.

### EIGHTH AFFIRMATIVE DEFENSE

Any injury to Plaintiff herein was caused wholly or in part by his own acts, omissions, failure to care for himself, illegal or wrongful conduct occurring during the commission of a felony, or willful resistance to law enforcement officers. Plaintiff was himself comparatively at fault for any injurious results about which

he complains. Accordingly, any award of damages should be reduced by the percentage of fault attributable to Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

## TENTH AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a cause of action under the Eighth or Fourteenth Amendment to the Constitution in that any efforts made by Defendant, even if proven by clear and convincing evidence, are not, by their nature, "conscience shocking."

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to set forth sufficient allegations to establish a claim for punitive damages against Defendant. Moreover, Plaintiff is not entitled to an award of punitive damages because the Defendant did not act with malice or the intent necessary to support a claim for punitive damages.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege and cannot establish that Defendant breached any specific duty that she owed to Plaintiff to provide medical care to him.

Respectfully submitted,

/s Francis H. Sheppard

FRANCIS H. SHEPPARD
Florida Bar No.:  0442290
E-mail:  fsheppard@rumberger.com
RUMBERGER, KIRK, & CALDWELL, P.A.
300 South Orange Avenue, Suite 1400
Suite 1400
Orlando, Florida 32801
Tel:  407.872.7300
Fax:  407.841.2133
Attorneys for Defendant L.P.N. J. Brukaker

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 9, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:  **None**.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

| | |
|---|---|
| Deonsey Lonte Johnson<br>P13172<br>Union Correctional Institution<br>P. O. Box 1000<br>Raiford, FL   32083<br>(*Pro Se*) | Jerry Hill<br>206 San Pedro Court<br>Mayo, FL  32066<br>(*Pro Se*) |

/s Francis H. Sheppard

FRANCIS H. SHEPPARD
Florida Bar No.:  0442290
E-mail:  fsheppard@rumberger.com
RUMBERGER, KIRK, & CALDWELL, P.A.
A Professional Association
300 South Orange Avenue, Suite 1400
Orlando, Florida 32801
Tel:  407.872.7300
Fax:  407.841.2133
Attorneys for Defendant L.P.N. J. Brubaker

12