PROVIDED TO HAMILTON C.I.
JUL 17 2020
FOR MAILING

UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF FLORIDA,
TALLAHASSEE DIVISION

Deonsey Lonte Johnson,
Plaintiff,

v.

Case No: 4:18-cv-282-MW/MAF

Officer J. Hill, and
M. Key [A.R.N.P.],
Defendants

## PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT HILL'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW, the Plaintiff, Deonsey Lonte Johnson, pro se., with this instant "Motion in Opposition", to Defendant Hill's "Motion to Dismiss", whereby, it is humbly requested that this Court / Magistrate thereof, DENY Defendant's Motion / Requested relief, and allow all claims against Defendant Hill to proceed to trial etc... In Support of this Motion in opposition. Plaintiff shows as follows:

## I. INTRODUCTION:

On or about Jan. 08, 2020. Plaintiff filed a civil Rights action under 42 U.S.C. § 1983, titled "Second Amended complaint". Therein, Plaintiff, in pertinent part, alleged that Defendant Hill engaged in Conduct that violated Plaintiff's Rights under the Eighth Amendment to the U.S. Constitution.

Specifically, it was alleged (under oath / verified), that Defendant Jerry Hill, a certified Correctional officer,

FILED USDC FLND TL
JUL 22 '20 PM4:23

violated Plaintiff's constitutional rights as his "acts / omissions" constitutes the proximate cause of the injury/damages complained of. **See Section V**, paragraphs 1-43, 50-51, 54-61 ___ Section V. Paragraphs 1-4, 25-43, 50-51, 54-61 ___ Section V. paragraphs 1-6, 35, 37, 39-40, 55(a), 57(a)-(b), 58(a)-(b), 58(d), 58(h), 58(j)-(k), 59-61, and Section V paragraphs 1-4, 7-24, 37, 39, 40, 55(a), 57(a)-(b), 58(a)-(b), 58(d), 58(h), 58(j)-(k), and 59-61 of Plaintiff "Second Amended Complaint". Plaintiff hereon relies on the facts as asserted and diligently set forth within his "Verified Second amended Complaint".

The relief requested by Plaintiff includes an award of $2,000,000 in compensatory and punitive damages, to include pain and suffering. **See Section VII** of Plaintiff's Second Amended Complaint for the relief sought.

II. PROCEDURAL BACKGROUND:

Following submission of Plaintiff's "Second Amended Complaint," Magistrate Charles A. Stampelos reviewed the Amended Complaint as required by 28 U.S.C. §1915A, therein finding said Amended Complaint sufficient to alert Defendant Hill to the nature and basis of Plaintiff's Claims. See Doc. 12 i.e. Court order dated: Oct. 23rd, 2018.

Defendant Hill now asserts via Motion To Dismiss that Plaintiff has failed to state a claim upon which relief

can be granted under Federal Law, whereas, Plaintiff has failed to exhaust all administrative remedies availible to him. Upon said basis, Defendant moves this Court for an order Dismissing Plaintiff's Second Amended Complaint.

## III. PLAINTIFF'S ALLEGATIONS OF FACT:

Plaintiff relies on his verified "Second Amended Complaint", and the facts as setforth therein. See Doc. #11 --Plaintiff's Second Amended Complaint--

Plaintiff further states that Defendant's "Motion To Dismiss", based upon an alleged Failure to Exhaust Administrative Remedies has no merit, and will be rebutted by the records in this case as referenced to herein by Plaintiff, or otherwise attached hereto as exhibits. Plaintiff asserts that he did, in fact, Exhaust all availible administrative remedies as were availible to him, with respect to the claims raised in his "Second Amended Complaint" against Defendant Jerry Hill. See Attached exhibits.

## MEMORANDUM OF LAW:

The U.S. Supreme Court has held that "failure to exhaust is an affirmative defense under the PLRA," Jones v. Bock, 549 U.S. 199, 216, 127 S. Ct. 910, 166 L.Ed 2d 798 (2007), and "defendants bear the burden of proving that the plaintiff has failed to exhaust his available

administrative remedies." Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008)

The PLRA states that "[N]o action shall be brought with respect to prison conditions... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997 e(a)

Plaintiff's first point, is that Defendant Hill's "Motion To Dismiss", is not sworn, and therefore, cannot constitute "proof" that Plaintiff has failed to exhaust administrative remedies, such as will support an affirmative Defense.

Plaintiff's second point, is that, he did infact "exhaust his administrative remedies with respect to the "Eighth Amendment" claims raised in his Second Amended Complaint" against Defendant Hill. See Exhibit-A

Infact, Defendant misconstrues the obligations of the Plaintiff. The Grievance / Appeal Defendant Hill bases his Affirmative Defense on, is Non-Dispositive to the question of Exhaustion, as it relates to the Eighth Amendment Claims urged in Plaintiff's Second Amended Complaint.

The Grievance #1716 referenced by Defendant Hill concerns a Disciplinary Report that Plaintiff had recieved back in May of 2017. Whether or not Plaintiff pursued appeal of said grievance / matter is immaterial to the question of exhaustion, as it relates to the instant Civil Rights Action.

Plaintiff's third point is that, Plaintiff's factual allegations as contained in Section V, paragraphs 26-33 supports a claim of self-defense and/or related privileges granted him via § 776.032, 776.012, and 776.013, Fla. Stat.. It does not support, as Defendant Hill may percieve, the view that Plaintiff committed a wrongful / neglectful act, which in effect constituted the proximate cause of his own injuries etc. See Plaintiff's Second amended Complaint, Section V, paragraphs 26-33

Proper Exhaustion requires only that Plaintiff exhaust his available administrative remedies as to each claim and each party setforth in the complaint. See Martinez v. Minis, 257 Fed. App'x 261, 265 n.5 (11th Cir. 2007)

As demonstrated via exhibit-A (attached to this Motion in Opposition) Plaintiff properly exhausted his claims as raised in his Second Amended Complaint against Defendant Hill.

CONCLUSION:

Defendant has failed to satisfy his burden of proving that Plaintiff failed to exhaust his administrative remedies with respect to the claim[s] raised in Plaintiff's "Second Amended Complaint". Therefore, Defendant Hill's Motion to Dismiss, for failure to exhaust, should be Denied, and Plaintiff's Claims against Defendant Hill should be allowed to proceed.

[signature] #P13172

CERTIFICATE OF SERVICE.

I HEREBY CERTIFY that a true and correct copy of the foregoing "Motion In Opposition" was placed into the hands of prison officials at Hamilton C.I., for the purpose of mailing U.S. Postal (pre-paid) to: Clerk of the United States District Court of the Northern District of Florida, Tallahassee Division, 111 North Adams Street, Suite 322, Tallahassee, FL. 32301-7717, and Regular mail to: Jerry Hill, 2016 S.W. San Pedro Court, Mayo, FL. 32066, this 17th day of July 2020.

/s/ [signature] #P13172
Deonsey Lonte Johnson #P13172
Hamilton Correctional Inst.
10650 Southwest 46th Street,
Jasper, FL. 32052

UNNOTARIZED OATH

UNDER THE PENALTY OF PERJURY, I, Deonsey Lonte Johnson, declare that I have read the foregoing instrument / motion + exhibits, and that the facts as stated therein are true and correct, pursuant to Title 28 U.S.C. §1746.

Executed: this 17th day of July 2020.

/s/ [signature] #P13172
Deonsey Lonte Johnson #P13172
Hamilton Correctional Inst.
10650 Southwest 46th Street,
Jasper, FL. 32052

"

# EXHIBIT - A

"

: Approved Grievance Log # 218-1705-0103 which includes 3 seperate / additional follow-up attemps

GC

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

**INMATE REQUEST**

218-1705-0103

Mail Number:
Team Number:
Institution: Taylor C.I.-Main

TO: (Check One) [x] Warden [ ] Asst. Warden [ ] Classification [ ] Security [ ] Medical [ ] Mental Health [ ] Dental [ ] Other

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Deonsey Lonte Johnson | P13172 | G4-213U | Confinement | 5-15-17 |

**REQUEST** Check here if this is an informal grievance [x]

The actions/Lack thereof, of officer J. Hill, an officer/employee of D.O.C has resulted in substantial injury to my persons, to wit: multiple stab wounds, and various other injuries [redacted] sustained [redacted] during an extended beating/attack perpetrated by two inmates within approx. 25 feet of officer J. Hill's unobstructed view. In violation of 1) The uniform Commitment Order issued by the Circuit Court of Escambia County, in the Winter Term of 2007, in the Case of State of Florida vs. Deonsey Lonte Johnson NO: 2005 CF 005751 B; 2) F.A.C. 33-208.002(24); and 3) My Civil Rights

SUPPORTING FACTS: On 5-10-17 I'd exited my quad (G2) and advised officer J. Hill that inmate Govenor in 14U and inmate Brandon in 110L had threatened to stab me up if I didn't get out of the dorm → see continuation

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): [signature] DC#: P13172

DO NOT WRITE BELOW THIS LINE

**RESPONSE** DATE RECEIVED:

Your Complaint has been forwarded to Inspector C. Potter with the I.G.'s Office. He is investigating this incident And will be speaking with you.

XC: Inspector Potter

The following pertains to informal grievances only:

Based on the above information, your grievance is approved. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Official (Print Name): S.T. Vance Official (Signature): [signature] Date: 5/18/17

RECEIVED
MAY 18 2017
TAYLOR CORRECTIONAL INSTITUTION
WARDEN'S OFFICE

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.

You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)

Incorporated by Reference in Rule 33-103.005, F.A.C.

From: Johnson Deansey L. | 913172 | Taylor C.I.-Main

Last First Middle Initial DC Number Institution

"Informal" **Inmate Grievance Continued**

Officer J. Hill replied: "Hey, I aint got nothing to do with that"..... I said okay, "If something happens to me its on you"...... Officer J. Hill then replied: "Man, you gotta deal with that the best way you can. You know how this shit go".

Consequently, I was attacked by those very two inmates, in which I recieved substantial injuries to my body/person as aforementioned, while officer J. Hill Looked on/watched/unmoving, until the attack had concluded.

Officer J. Hill, in his official capacity as [redacted] a correctional officer/employee of D.O.C. did nothing to prevent said attack/injuries. Said actions/Lack thereof, constituted a total disregard for my safety and nothing less [redacted] than deliberate indifference. See camera observing the dayroom etc. of G2 on 5-10-17.

The uniform Commitment order issued/rendered by the Circuit Court of Escambia County Florida, in the name and by the authority of the State of Florida expressedly commanded that the Department of Corrections safely imprison me, specifically warning that said Department fail not. See said Commitment order in re: Case No: 2005 CF 005751 B.

Further, F.A.C. 33-208.002(24) dictates, in pertinent part, that: "Every employee has the responsibility to protect the person of inmates"...

Clearly, the actions/Lack thereof on behalf of officer J. Hill reflected neglect of said duties/responsibilities.

Relief Sought: That my complaint be duly noted, and that it be acknowledged that officer J. Hill was infact operating in his official capacity as a correctional officer/employee of D.O.C. within the State of Florida at the time of the incident giving rise to my injuries.

5-15-17

DATE

[signature] #913172

SIGNATURE OF GRIEVANT AND D.C. #

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

# INMATE REQUEST

Mail Number:
Team Number: 02
Institution: Martin C.I. (430)

TO: (Check One) ☐ Warden ☐ Asst. Warden ☐ Classification ☐ Security ☐ Medical ☐ Mental Health ☐ Dental ☑ Other Inspector

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Deonley Lonte Johnson | P13172 | D2-121S | CM1-Status | 5-6-18 |

## REQUEST

Check here if this is an informal grievance ☐

Could you please advise me of the "final" resolution / conclusions in re: "Informal Grievance Log# 218-1705-0103" that was forwarded to Inspector Potter with the I.G. office on: 5/18/17 ?

Said information is direly needed...

Furthermore, the subject referenced therein as officer J. Hill, could you please provide me with his complete / Full first name? Said info is needed so as to name him as a defendant in my civil suit and be able to effectuate proper service of said complaint upon him...

[signature] #P13172

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): [signature] DC#: P13172

DO NOT WRITE BELOW THIS LINE

## RESPONSE

DATE RECEIVED: 06/07/2018

Issue forwarded to D4-OIG

[The following pertains to informal grievances only:

Based on the above information, your grievance is __________. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Print Name): Jyl Lewis Official (Signature): [signature] Date: 06/07/2018

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)

Incorporated by Reference in Rule 33-103.005, F.A.C.

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

# INMATE REQUEST

Mail Number: 86-062
Team Number: 02
Institution: Martin C.I.

TO: (Check One)
- [ ] Warden
- [ ] Asst. Warden
- [ ] Classification
- [ ] Security
- [ ] Medical
- [ ] Mental Health
- [ ] Dental
- [x] Other Law Library

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Deonsey Lonte Johnson | P13172 | D2-121S | CM1-Status | 6-14-18 |

**REQUEST**

Check here if this is an informal grievance [ ]

Could you please instruct me / provide me with the means of obtaining public records in re: Case #17-8214 from Taylor C.I. / County FL:

I need address to the custodian of said records, which involved a grievance / incident that occurred at Taylor C.I on 5-10-17 ..

Please provide me with what I need to obtain such file ..

Time Sensitive!!

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): [signature] DC#: P13172

DO NOT WRITE BELOW THIS LINE

**RESPONSE**

DATE RECEIVED: JUN 22 2018

D2-121S

Submit a request to Ms. Ingram in classification here at Martin CI. She may be able to provide you with the record.

The following pertains to informal grievances only:

Based on the above information, your grievance is ____________. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Official (Print Name): Johnson Official (Signature): [signature] Date: 6-27

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)

Incorporated by Reference in Rule 33-103.005, F.A.C.

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

# INMATE REQUEST

Mail Number:
Team Number: 17
Institution: Union C.I.

TO: (Check One) ☐ Warden ☐ Asst. Warden ☑ Classification ☐ Security ☐ Medical ☐ Mental Health ☐ Dental ☐ Other

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Dempsey Lonte Johnson | P13172 | V-2209 | CM-2 | 10-21-18 |

## REQUEST

Check here if this is an informal grievance ☐

Pursuant to 33-601.901, and Section 945.10 (3), F.S. Could you please advise me of the following information:

1) the final disposition / results of Case # 17-8214, which began as an approved grievance that was forwarded to the I.G.'s office,

2) The officer involved A.K.A "J. Hill"... I need the correct spelling of his First and last name...

Said info is needed / relevant to a pending §1983 Civil Right action wherein J. Hill is a party / Defendant, and I need his full name so I can have him properly served / summoned etc. the findings requested are also relevant to said action See Civil Action No: 4:18 cv 282-MW/CAS

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): [signature] DC#: P13172

DO NOT WRITE BELOW THIS LINE

## RESPONSE

DATE RECEIVED: RECEIVED OCT 23 2018 Union CI Classification

I DO NOT HAVE ACCESS TO IG INVESTIGATIONS
ALSO I DO NOT PROVIDE INFORMATION ABOUT STAFF WITHOUT A COURT ORDER

[The following pertains to informal grievances only:

Based on the above information, your grievance is __________. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Print Name): Official (Signature): [signature] Date: 10/23/18

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)

Incorporated by Reference in Rule 33-103.005, F.A.C.

Deonsey Lonte Johnson #J31122
Hamilton Correctional Institution,
10650 Southwest 46th Street,
Jasper, FL. 32052

MAILED FROM
A STATE
CORRECTIONAL INSTITUTION

U.S. POSTAGE PITNEY BOWES
ZIP 32052 $ 001.40
02 4W
0000358963 JUL 17 2020

CHECKED JUL 21 2020

UNITED STATES DISTRICT COURT,
Northern District of Florida,
OFFICE OF THE CLERK,
111 North Adams Street, Suite 322,
Tallahassee, Florida, 32301-7717

LEGAL MAIL