## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**DEONSEY LONTE JOHNSON,**

    **Plaintiff,**

vs.                                                        Case No. 4:18cv282-MW-MAF

**JERRY HILL,**

    **Defendant.**

_____/

### O R D E R

On January 12, 2021, this Court entered an Order which vacated the prior Judgment, ECF No. 92, granted Defendant Key's motion to dismiss, ECF No. 79, and denied Defendant Hill's motion to dismiss, ECF No. 70. As a matter of clarification, the motion was denied because Plaintiff exhausted his claim against Defendant Hill.  That is so because after Plaintiff's grievance was "addressed and approved" at the institutional level, Plaintiff "was not required to submit any further grievances" as to that incident.  *See* Williams v. Dep't of Corr., 678 F. App'x 877, 881 (11th Cir. 2017) (holding that when a prisoner's grievances is approved, the prisoner

has "exhausted his administrative remedies on those issues and [is] entitled to pursue a cause of action based on them").

Moreover, whether or not Plaintiff refused to provide a statement during a disciplinary investigation is immaterial to the issue of exhaustion. Exhaustion pertains to compliance with the Department's three-step grievance process only; disciplinary investigations or inspector general's investigations are separate from grievance procedures.  Pavao v. Sims, 679 F. App'x 819, 825 (11th Cir. 2017) (noting that "Pavao's efforts to seek redress from the Florida state courts or the Inspector General of the FDOC are not relevant to the question of exhaustion because they are not part of the prison grievance procedure, and therefore are outside the 'boundaries of proper exhaustion'").

**SO ORDERED on January 6, 2022**.

S/ Mark E. Walker          
**Chief United States District Judge**